859 N.E.2d 388 (2006)
In the Matter of the ADOPTION OF J.E.H. and W.D.H.
Melissa Hefner, Appellant-Petitioner,
v.
Wanda Hefner, Appellee-Respondent.
No. 08A05-0605-CV-255.
Court of Appeals of Indiana.
December 28, 2006.
*389 Michael O. Bolinger, Kokomo, IN, Attorney for Appellant.
Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, IN, Attorney for Appellee.

OPINION
KIRSCH, Chief Judge.
Melissa Hefner ("Melissa") appeals the trial court's decision denying her petition to adopt J.E.H. and W.D.H and raises the following issue:
Whether IC XX-XX-X-X requires a child's consent to adoption when the child was less than fourteen years old at the time of the filing of the petition to adopt, but over fourteen at the time of the adoption hearing.
We affirm.

FACTS AND PROCEDURAL HISTORY
William Hefner ("Father") and Wanda Hefner ("Mother") had two sons, J.E.H., born October 25, 1991, and W.D.H., born June 16, 1995. Father and Mother divorced in 2000. Father obtained custody of the children, and Mother was ordered to pay child support. Father married Melissa in 2004. On August 2, 2005, Melissa filed a petition to adopt J.E.H. and W.D.H., attaching Father's written consent and alleging that Mother had abandoned the children.
On January 28, 2006, the trial court held a hearing on the adoption petition. On March 13, 2006, the trial court denied the petition. In its entry, the trial court found that J.E.H. was fourteen years of age at the time of the hearing on the adoption petition on January 26, 2006, that his written consent to the adoption was mandated by IC XX-XX-XX-X, and that because he had not executed a written consent, the adoption petition must be denied. Determining that it would not be in the best interests of W.D.H. to have a different mother than his older brother, the court also denied the adoption petition as to W.D.H.

DISCUSSION
Melissa contends that the trial court erred in concluding that J.E.H.'s consent was required for the adoption. Specifically, she asserts that even though J.E.H. was fourteen years of age at the time of the adoption hearing, his consent was not required because he was only thirteen years of age when she filed her adoption petition.
IC XX-XX-X-X(a) provides in operative part:
. . . a petition to adopt a child who is less than eighteen (18) years of age may *390 be granted only if written consent to adoption has been executed by . . . [t]he child to be adopted if the child is more than fourteen (14) years of age.
(Emphasis added). If a statute is unambiguous, then we need not and cannot interpret it; rather, we must apply its plain and clear meaning. Vanderburgh County Election Bd. v. Vanderburgh County Democratic Central Comm., 833 N.E.2d 508, 510 (Ind.Ct.App.2005). Absent ambiguity, courts must apply the first rule of statutory construction, and "[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense." IC 1-1-4-1. Only when a statute is susceptible to more than one interpretation is it deemed ambiguous and open to judicial construction. Amoco Production Co. v. Laird, 622 N.E.2d 912, 915 (Ind.1993).
We conclude that IC XX-XX-X-X(a) is not ambiguous. Its clear language provides that a trial court may not grant a petition for adoption of a child more than fourteen years of age unless the child has executed a written consent to the adoption. Here, J.E.H. was fourteen years of age at the time of the hearing on Melissa's petition for adoptionthe time at which the trial court was called upon to grant the petition. Because J.E.H. had not executed a written consent, the trial court could not grant the petition. The trial court did not err in denying the petition.
Affirmed.
SHARPNACK, J., and MATHIAS, J., concur.